IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 3:18-00157

DAN EMANUEL BEAN

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Dan Emanuel Bean's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (ECF No. 41), to which the Government has responded in opposition (ECF No. 45). For the reasons below, the Court **DENIES** this Motion. ECF No. 41.

## BACKGROUND

Defendant pleaded guilty on August 24, 2021, to a single-count indictment charging him with knowingly and intentionally possessing with intent to distribute quantities of cocaine and cocaine base in violation of 21 U.S.C. § 841(a)(1). Written Plea of Guilty, ECF No. 30; Indictment, ECF No. 5. There was no plea agreement. Order at 1, ECF No. 31. On November 29, 2021, the Court sentenced Defendant to thirty-six months of imprisonment to be followed by three years of supervised release. Judgment, ECF No. 37. Defendant submitted a request for compassionate release to the Warden at his facility on June 22, 2022, and the request was denied on July 25, 2022. Def.'s Mot. for Sentence Reduction at 3, ECF No. 41. Defendant is currently housed at FCI Ashland and has a projected release date of July 17, 2024. Find an inmate, *Fed. Bureau of Prisons*, https://www.bop.gov/inmateloc/ (last visited April 3, 2023).

Defendant argues that he has a serious physical or medical condition that substantially diminishes his ability to provide self-care within the environment of a correctional facility. Def.'s Mot. for Sentence Reduction at 4, ECF No. 41. To support this contention, Defendant points to diagnoses for lumbosacral disease, spondylosis, facet joint arthritis, and a high body mass index. *Id.* at 5; Def.'s Reply to U.S.'s Resp. to Def.'s Mot. for Sentence Reduction at 1, ECF No. 48. In addition, he has been diagnosed with post-traumatic stress disorder and major depressive disorder. Def.'s Mot. for Sentence Reduction at 6, ECF No. 41. He alleges that compassionate release would allow him to better work with spine specialists and a mental health counselor. *Id.* Defendant notes that he has tried a number of treatments to manage his chronic back pain—including muscle relaxers, physical therapy, and facet joint injections—none of which have been effective. Def.'s Reply to U.S.'s Resp. to Def.'s Mot. for Sentence Reduction at 1, ECF No. 48. Additionally, Defendant alleges that there are long wait times at the Bureau of Prisons (BOP), and he has sought treatment for migraines and hypertension, both of which he believes are associated with his chronic back pain. *Id.* at 2. Finally, Defendant asks that the Court appoint counsel. Def.'s Mot. for Sentence Reduction at 7, ECF No. 41.

The Government responds that Defendant has not sufficiently alleged extraordinary and compelling reasons for his release, as his conditions can be adequately treated by the BOP. Resp. of the U.S. to Def.'s Mot. for Sentence Reduction at 5, ECF No. 45. The Government notes that Defendant has sought medical care from his past correctional facility, FCI Cumberland, on several occasions, though on none of those occasions did he list back pain as an ongoing condition. *Id.* at 6-7. Additionally, the Government contends that granting Defendant early release would undermine the seriousness of his crime. *Id.* at 9.

**LEGAL STANDARD**

In December 2018, Congress enacted the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194. As part of the Act, Congress amended 18 U.S.C. § 3582 and enabled courts to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i); Pub. L. 115-391, Title VI, § 603(b), Dec. 21, 2018, 132 Stat. 5239. Before requesting such a reduction, defendants must first ask the BOP to do so on their behalf. *See* 18 U.S.C. § 3582(c)(1)(A). If the BOP denies the defendant's request or does not respond within thirty days, the defendant may file a motion before the court. *Id.*

If an inmate satisfies this administrative exhaustion requirement, a court may reduce the inmate's sentence if (1) there are "extraordinary and compelling reasons" for release, and (2) the court considers "the factors set forth in section 3553(a) to the extent that they are applicable." See 18 U.S.C. § 3582(c).[1] District courts maintain broad discretion when considering a motion under § 3582(c) and only abuse that discretion when "act[ing] arbitrarily or irrationally, fail[ing] to consider judicially recognized factors constraining its exercise of discretion, rel[ying] on erroneous factual or legal premises, or commit[ing] an error of law." *United States v. Kibble*, 992 F.3d 326 (4th Cir. 2021) (quoting *United States v. Trotman*, 829 F. App'x 607, 608 (2020)) (internal quotation marks omitted).

**ANALYSIS**

As a preliminary matter, the Court finds that Defendant has properly exhausted his administrative remedies. The Warden at Defendant's facility denied his request for compassionate

---

[1] Section 3482(c)(1) also requires a sentence reduction to be "consistent with applicable policy statements issued by the Sentencing Commission." The Fourth Circuit, however, has made clear that at this time, there are no existing applicable policy statements. *See United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020).

release on July 25, 2022. Mot. for Sentence Reduction at 3, ECF No. 41. Accordingly, the Court turns to the merits of Defendant's Motion.

While the Court recognizes that Defendant suffers from difficult medical conditions, Defendant has presented no reason to doubt that BOP can effectively manage his care. During his period of imprisonment, he has been seen by medical staff at least seven times, including on December 30, 2021, January 19, 2022, January 26, 2022, April 1, 2022, May 11, 2022, June 16, 2022, and August 10, 2022. *See* Resp. of the United States to Def.'s Mot. for Sentence Reduction, ECF No. 45-1. However, none of these visits relate to Defendant's ongoing back pain, the primary issue alleged in his Motion. *Id.* Nor has Defendant alleged that his care is inadequate—rather, he argues that release would allow him to better work with spine specialists and mental health counselors. Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) at 6, ECF No. 41. As for the long wait times, Defendant indicated that he only sought medical care from his current facility for back pain in December 2022. Def.'s Reply to U.S.'s Resp. to Def.'s Mot. for Sentence Reduction at 2, ECF No. 48. Even if Defendant has still not been seen about this issue, the resulting wait time would not be enough to render the facility unable to care for Defendant. Absent a showing that the BOP is unable to care for a prisoner with Defendant's diagnoses, Defendant has not established there are "extraordinary and compelling" reasons warranting release.

Even if this were not the case, compassionate release would not be appropriate, as release would undermine the sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant only began serving his sentence on January 13, 2022. Judgment Order at 2, ECF No. 40. To date, Defendant has served less than half of his full term. Releasing Defendant now would undermine § 3553(a)(2), as his time served would not reflect the seriousness of the offense committed, promote respect for the law, or provide just punishment for the offense. *See* 18 U.S.C. §3553(a)(2).

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant Dan Emanuel Bean's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 41. Defendant has not presented an extraordinary or compelling reason justifying relief. Additionally, as to the appointment of counsel, the Court sees no basis upon which to appoint legal counsel in this matter.

The Court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: April 5, 2023

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE